**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HERIBERTO AFANADOR,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil No. 15-2056(NLH)

**OPINION**

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003
On behalf of Plaintiff

ERICA MARIE PERKINS
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123
On behalf of Defendant

**HILLMAN**, District Judge

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in

finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, September 1, 2010. For the reasons stated below, this Court will affirm that decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

On January 7, 2011, Plaintiff filed an application for disability benefits, claiming that since September 1, 2010, he is disabled and unable to work due to arthritis, Lyme disease, hypertension, and history of seizures.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled because his ailments were not severe. Plaintiff appealed the decision. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision as final. Plaintiff now seeks this Court's review.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g),

1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence."

Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94

F. App'x 130, 133 (3d Cir. 2004). In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B. Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which

exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: “Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform.” Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C. Analysis**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. At step two, the ALJ found that Plaintiff’s arthritis, Lyme disease, hypertension, and history of seizures were not severe. Because Plaintiff’s conditions were not considered severe, the ALJ concluded his analysis and determined

that Plaintiff was not disabled.

Plaintiff has appealed the ALJ's decision, arguing that the ALJ erred when he stopped at the second step in the five-step evaluation process. Plaintiff argues that the purpose of step two is to screen out meritless claims, and the burden on a claimant to demonstrate a "severe" impairment in this step is very minimal. Plaintiff contends that the ALJ inappropriately applied the wrong, more exacting standard regarding the severity of Plaintiff's impairments rather than appropriately determining whether Plaintiff has simply provided some evidence that he suffers from more than a "slight abnormality." Plaintiff also argues that the ALJ did not properly give weight to a consultative physician's report which indicated that Plaintiff, at a minimum, has impairments that may be considered "severe."

Even though "step two is to be rarely utilized as basis for the denial of benefits," and "its invocation is certain to raise a judicial eyebrow," McCrea v. Commissioner of Social Security, 370 F.3d 357, 361 (3d Cir. 2004), the Court finds that this is the type of case step two was designed to address.

As noted by Plaintiff, "step-two inquiry is a de minimis screening device to dispose of groundless claims." McCrea, 370 F.3d at 360. Because of this "limited function, the

Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny." Id. A reviewing court should not, however, "apply a more stringent standard of review in these cases" - a "denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." Id.

The language of step two is directed toward applicants rather than adjudicators: "'If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we [the Social Security Administration] will find that you do not have a severe impairment and are, therefore, not disabled.'" Id. (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)). The regulations define "basic work activities" to include "'[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.'" Id. (quoting §§ 404.1521(b)(1), 416.921(b)(1)). All that is required for a claimant to meet the step two standard is to demonstrate something beyond "'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" Id. (quoting SSR

85–28). Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.

Here, the ALJ detailed the reasons why Plaintiff's conditions were not more than slight impairments that minimally affected his ability to work:

1. Plaintiff's treating physicians reported that his polyarthralgia was stable; Plaintiff walked well without distress; Plaintiff did not use an assistive device to walk; and Plaintiff only used over-the-counter Tylenol when needed.
2. Plaintiff admitted that his Lyme disease was well-controlled.
3. Plaintiff's treating physicians reported that his hypertension was well-controlled, even when plaintiff was not compliant with prescribed medications; tests, such as an echocardiogram and myocardial perfusion scan, were unremarkable; one incident of sharp chest pain was attributed to musculoskeletal, and not cardiac, in origin; another incident of sharp chest pain lasted two seconds, which resolved and did not reoccur; Plaintiff had a regular heart rate without evidence of murmur, atrophy or decreased sensation in

his upper extremities; no evidence in the record that since alleged onset of disability Plaintiff suffered from any manifestation of high blood pressure, including no cardiovascular disease, stroke, or renal failure.

4. As of April 2012, Plaintiff had not had any seizures since 1970 and he stopped taking any medication related to seizures in 1976.
5. Plaintiff performed a normal range of functional abilities, such as using a public bus, spending his day at the library, using the computer, and performing research.

In his decision, the ALJ also directly addressed Plaintiff’s testimony about his limitations and explained how his testimony was inconsistent with the medical records. For example, the ALJ found that Plaintiff’s complaints about limitations of his dominant right hand were not supported by the record evidence, as he only sought treatment for hand pain on one occasion, and even at that exam, no notable limitations as to his function were documented.

With regard to the one state agency consultant physician who opined, after examining Plaintiff one time in April 2013,

that Plaintiff's impairments rendered him completely disabled, the ALJ explained why he afforded that opinion little weight:

> As for the opinion evidence, Dr. Klein opined on April 23, 2013, [claimant] suffered from significant disabilities that interfered with his capability to perform even sedentary work on a regular, sustained basis for 8 hours per day, 5 days per week (Exhibit 6F). Dr. Klein concluded that the claimant's impairments adversely affected his capability to resume any gainful employment. Little weight is assigned to Dr. Klein's opinion, as it is inconsistent with the objective medical evidence and record as a whole. In particular, the undersigned notes that Dr. Klein is not the claimant's treating physician, and only examined the claimant on only one occasion. Dr. Klein's opinion is inconsistent with the record as a whole, which reflects few, if any, objective limitations during numerous physical examinations since 2010 (Exhibits lF, SF). Dr. Klein's opinion is inconsistent with [treating medical provider] Ms. Canino's treatment notes, which reported that the claimant had a normal gait without the use of any assistive devices (Exhibit lF). Dr. Klein's opinion is inconsistent with [treating medical provider] Dr. Agarwal's treatment notes, which indicated that the claimant's polyarthralgia was stable, had no pain in his hip joint, or back, no neurological deficits, negative straight leg raising, and was ambulating well with no distress (Exhibits l F, SF). Dr. Klein's opinion is inconsistent with [treating medical provider] Dr. Reddy's treatment notes which indicated that the claimant had 5/5 strength in all extremities.

(R. at 20.)

Based on the foregoing analysis by the ALJ in his decision, the Court finds that the ALJ did not err in his assessment of Plaintiff's credibility when compared with the record evidence. See SSR 96–7p ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the

individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.”); 20 C.F.R. § 404.1529(c) (providing that allegations of pain and other subjective symptoms must be supported by objective medical evidence); Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999) (explaining that an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony).

The ALJ also did not err in rejecting the state consultative opinion of Dr. Klein over the other treating physicians’ records.[1] See 20 C.F.R. § 404.1527(e) (explaining that the issue of whether a claimant is “disabled” is reserved for the Commissioner, and a physician's opinion thereon is not entitled to any special significance); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing Mason v. Shalala, 994 F.2d

[1] The ALJ also properly afforded little weight to the state consultative opinions that concluded there was insufficient evidence in the record to evaluate Plaintiff’s claim. The ALJ explained that the available record evidence was sufficient to show that Plaintiff’s impairments did not meet the definition of “severe.”

1058, 1066 (3d Cir. 1993)) (explaining that when there is a conflict between medical sources, “the ALJ may choose whom to credit but ‘cannot reject evidence for no reason or for the wrong reason’”).

Finally, the ALJ did not err by using the wrong standard at step two. Plaintiff argues the ALJ’s use of the word “severity” in the following sentence demonstrates that the ALJ employed a more exacting standard than required: “In regards to the claimant's arthritic pain and Lyme disease, there is no objective medical evidence in the record that suggests that his impairments are of such severity as would preclude him from performing all work related activities.” (R. at 19.)

The Court does not find this inconsistent with the step two standard, which defines “basic work activities” as “the abilities and aptitudes necessary to do most jobs,” including “physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.” (R. at 18, citing SSR-85-28.) A “slight abnormality” in these areas has such a minimal effect that it would not be expected to interfere with the claimant’s ability to work, regardless of his age, education, or work experience. Zaccaria v. Comm'r of Soc. Sec., 267 F. App'x 159, 160-61 (3d Cir. 2008) (citing Bowen v.

Yuckert, 482 U.S. 137, 149-51 (1987)). The determination of whether an applicant has met his burden at step two to show more than a slight abnormality should focus upon the evidence adduced by the applicant, and if the evidence does not demonstrate that the applicant has more than a slight abnormality, the step two requirement of “severe” is not met. Magwood v. Comm'r of Soc. Sec., 417 F. App'x 130, 132 (3d Cir. 2008) (citing Newell, 347 F.3d at 546; McCrea, 370 F.3d at 362; 20 C.F.R. § 404.1520(d)-(f)).

Consistently throughout his decision, the ALJ focuses on whether Plaintiff’s impairments limited his ability to perform the delineated basic work activities, and the ALJ found that the record evidence did not demonstrate more than a slight limitation in any of these areas. Thus, the ALJ’s use of the word “severity” in the sentence challenged by Plaintiff means that the ALJ found that the step two “severity” requirement was not met. In other words, by saying that Plaintiff’s impairments were not “of such severity” to preclude him from performing work, the ALJ found that Plaintiff did not have more than a slight abnormality. Consequently, the ALJ applied the correct standard in assessing whether Plaintiff’s conditions were severe for the purposes of the step two analysis.

**III. Conclusion**

For the reasons expressed above, the ALJ's determination that Plaintiff is not totally disabled as of September 1, 2010 because Plaintiff did not suffer from any "severe" impairments is supported by substantial evidence. The decision of the ALJ is affirmed. An accompanying Order will be issued.

Date: May 27, 2016
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.